# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALAMANCE REGIONAL MEDICAL )
CENTER )
1240 Huffman Mill Road )
Burlington, NC  27215, )
)
ALBANY MEDICAL CENTER )
HOSPITAL )
43 New Scotland Avenue )
Albany, NY  12208, )
)
ALBEMARLE HOSPITAL )
1144 North Road Street )            Civil Action No. 08-1336 (RWR)
Elizabeth City, NC  27909, )
)
CLIFTON SPRINGS HOSPITAL )
2 Coulter Road )
Clifton Springs, NY  14432, )
)
DUKE UNIVERSITY HEALTH SYSTEM )
4101 N. Roxborough Rd. )
Durham, NC  27704, )
)
LAKELAND HOSPITAL AT NILES & )
ST. JOSEPH, INC. f/d/b/a LAKELAND )
MERCY MEMORIAL MEDICAL )
CENTER )
1234 Napier Ave. )
St. Joseph MI  49085, )
)
MERCY HOSPITAL OF BUFFALO )
565 Abbott Road )
Buffalo, NY  14220, )
)
NEW HANOVER REGIONAL MEDICAL )
CENTER )
2131 s. 17th Street )
Wilmington, NC  28401, )
)
OUR LADY OF VICTORY HOSPITAL )
55 Melroy Road )
Lackawanna, NY  14218, )
)

PARK RIDGE HOSPITAL                          )
100 Hospital Drive                           )
Hendersonville, NC  28792,                   )
                                             )
ROME MEMORIAL HOSPITAL                       )
1500 N. James Street                         )
Rome, NY  13440,                             )
                                             )
SARATOGA COMMUNITY HOSPITAL                  )
15000 Gratiot Avenue                         )
Detroit, MI  48205,                          )
                                             )
SARATOGA HOSPITAL                            )
211 Church Street                            )
Saratoga Springs, NY  12866,                 )
                                             )
SISTERS OF CHARITY HOSPITAL                  )
OF BUFFALO                                   )
2157 Main Street                             )
Buffalo, NY  14214,                          )
                                             )
SAINT VINCENT CATHOLIC MEDICAL )
CENTERS f/d/b/a ST. CLARE'S                  )
HOSPITAL AND HEALTH CENTER                   )
415 West 51st Street                         )
New York, NY 10019,                          )
                                             )
ST. JOHN NORTHEAST COMMUNITY )
HOSPITAL                                     )
4777 East Outer Drive                        )
Detroit, MI  48234,                          )
                                             )
ST. JOHN HOSPITAL AND MEDICAL )
CENTER                                       )
22101 Moross Road                            )
Detroit, MI  48236,                          )
                                             )
ST. MARY'S HOSPITAL                          )
427 Guy Park Avenue                          )
Amsterdam, NY  12010,                        )
                                             )
STRONG MEMORIAL HOSPITAL                     )
601 Elmwood Avenue                           )
Rochester, NY  14642,                        )
                                             )
                    and                      )

ST. JOHN HEALTH f/d/b/a ST. JOHN )
DETROIT RIVERVIEW HOSPITAL )
7733 East Jefferson Ave )
Detroit, MI 48214, )
                                   )
       Plaintiffs, )
                                   )
         v. )
                                   )
MICHAEL O. LEAVITT, Secretary, )
Department of Health and Human Services )
200 Independence Avenue, S.W. )
Washington, D.C. 20201, )
                                   )
       Defendant. )
_____)

## AMENDED COMPLAINT

Plaintiffs, by and through their undersigned attorneys, bring this action against defendant,

Michael O. Leavitt, in his official capacity as Secretary of the United States Department of

Health and Human Services ("HHS"), and state as follows:

1.      This action is brought by plaintiff hospitals to obtain judicial review of adverse

decisions of the Secretary concerning administrative appeals of plaintiffs from Medicare

provider reimbursement determinations.  Plaintiffs' reimbursement appeals for certain fiscal

percents were brought in or transferred to group appeals before the Provider Reimbursement

Review Board ("PRRB" or "Board"), an administrative tribunal within HHS.  The PRRB

improperly determined that it did not have jurisdiction over the plaintiffs' appeals and dismissed

them from the group appeals.  Plaintiffs ask this Court to find the PRRB does have jurisdiction to

hear these appeals and remand the appeals to the Secretary for a decision on the merits.

## I.    Jurisdiction and Venue

2.    This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 et seq.

3.    This Court has jurisdiction under 42 U.S.C. § 1395oo(f).

4.    Venue lies in this judicial district under 42 U.S.C. § 1395oo(f) and 28 U.S.C. § 1391.

## II.    Parties

5.    The plaintiffs in this action are the following acute care hospitals that were certified to, and did, participate in the Medicare program during the period relevant to this action:

(a)    Alamance Regional Hospital, Medicare Provider No. 34-0070 ("Alamance");

(b)    Albany Medical Center Hospital, Medicare Provider No. 33-0013 ("Albany");

(c)    Albemarle Hospital, Medicare Provider No. 34-0109 ("Albemarle");

(d)    Clifton Springs Hospital, Medicare Provider No. 33-0265 ("Clifton Springs");

(e)    Duke University Health System, Medicare Provider No. 34-0030 ("Duke");

(f)    Lakeland Hospital at Niles & St. Joseph, Inc. f/d/b/a Lakeland Mercy Memorial Medical Center, Medicare Provider No. 23-0021 ("Lakeland");

(g)    Mercy Hospital-Buffalo, Medicare Provider No. 33-0279 ("Mercy Buffalo");

(h)    New Hanover Hospital, Medicare Provider No. 34-0141 ("New Hanover");

(i)    Our Lady of Victory Hospital, Medicare Provider No. 33-0095 ("Our Lady");

(j)    Park Ridge Hospital, Medicare Provider No. 33-0226 ("Park Ridge");

(k)    Rome Memorial Hospital, Medicare Provider No. 33-0215 ("Rome");

(l)    Saratoga Community Hospital, Medicare Provider No. 23-0063 ("Saratoga Community");

(m)    Saratoga Hospital, Medicare Provider No. 33-0222 ("Saratoga NY");

(n)    Sisters of Charity Hospital, Medicare Provider No. 33-0078 ("Sisters");

(o)    Saint Vincent Catholic Medical Centers f/d/b/a St. Clare's Hospital and Health Center, Medicare Provider No. 33-0230 ("St. Clare");

(p)    St. John Northeast Community Hospital, Medicare Provider No. 23-0065 ("St. John Northeast");

(q)    St. John Hospital and Medical Center, Medicare Provider No. 23-0165 ("St. John");

(r)    St. Mary's Hospital, Medicare Provider No. 33-0275 ("St. Mary's");

(s)    Strong Memorial Hospital, Medicare Provider No. 33-0285 ("Strong"); and

(t)    St. John Health f/d/b/a St. John Detroit Riverview Hospital, Medicare Provider No. 23-0119 ("Detroit Riverview").

6.    Michael O. Leavitt is the Secretary of HHS, the officer responsible for the administration of the Medicare statute. The Secretary has delegated responsibility for most of the administration of the Medicare program to the Centers for Medicare & Medicaid Services ("CMS"), an agency within HHS.. Before June 14, 2001, CMS was known as the Health Care Financing Administration ("HCFA"). In this complaint, plaintiffs will refer to the agency as CMS or HCFA, as appropriate, depending on the context.

## III.    General Background Regarding the Medicare Program

7.    The Medicare statute establishes a system of health insurance for the aged, the disabled, and individuals afflicted with end-stage renal disease. Under Part A of the Medicare

5

statute, a Medicare beneficiary is entitled to have payment made by the Medicare program on his or her behalf for covered inpatient hospital services provided to him or her by a hospital participating in the Medicare program as a provider of services, subject to certain limitations on the number of benefit days per spell of illness.

8.      Pursuant to 42 U.S.C. § 1395cc, each plaintiff entered into a written agreement with the Secretary to provide hospital services to Medicare beneficiaries.  At all relevant times, each plaintiff operated a "hospital" as defined in the Medicare statute (42 U.S.C. § 1395x(e)) and was a "provider of services" participating in the Medicare program within the meaning of 42 U.S.C. § 1395x(u) and 42 C.F.R. § 489.2(b)(1).

9.      From the inception of the Medicare program until 1983, the Medicare program reimbursed providers of inpatient hospital services, such as plaintiffs, for their "reasonable costs" incurred in providing services to Medicare patients, in accordance with regulations adopted by the Secretary.  42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A).

10.      Effective with cost reporting periods beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse hospitals, such as plaintiffs, for inpatient hospital operating costs.  *See* 42 U.S.C. § 1395ww(d).  Under PPS, hospitals are paid standardized amounts for inpatient stays based on diagnosis-related groups, subject to certain payment adjustments.  *Id.*

11.      Payment to providers of services is commonly carried out by Medicare fiscal intermediaries, acting as agents of the Secretary pursuant to contracts with him.  42 U.S.C. § 1395h.

12.      At the close of its fiscal year, a hospital must submit a "cost report" showing both the cost incurred by it during the fiscal year and the appropriate portion of those costs to be

allocated to Medicare. 42 C.F.R. §§ 413.24 and 413.50. The hospital's intermediary is required to review and audit the cost report and issue a Notice of Program Reimbursement ("NPR"), which reflects the Intermediary's final determination of the total Medicare reimbursement due the hospital for the cost reporting period.

**IV.    Procedure for Administrative and Judicial Review**

13.     If a hospital is dissatisfied with the intermediary's determination regarding the total due the hospital, the hospital has a right to obtain a hearing before the PRRB by filing an appeal with the Board within 180 days of receiving its NPR. *See* 42 U.S.C. § 1395oo.

14.     A hospital may also request a reopening of its NPR within three years of the date of the hospital's receipt of the NPR. 42 C.F.R. § 405.1885(a). The fiscal intermediary also may initiate a reopening of the NPR. Upon completion of a reopening, the intermediary will issue a revised NPR reflecting the new determination of Medicare reimbursement due the provider. The hospital has a right to obtain a hearing before the Board regarding the adjustments made in the revised NPR by filing an appeal request with the Board within 180 days of receiving the revised NPR. 42 C.F.R. §§ 405.1835, 405.1841(a)(1), and 405.1889.

15.     The Board is authorized to make substantive decisions concerning Medicare reimbursement issues and to decide questions relating to its jurisdiction. 42 C.F.R. § 405.1873. A decision of the Board disposing of an appeal on substantive or jurisdictional grounds constitutes a final administrative decision of the Secretary unless the Secretary reverses, affirms, or modifies the decision within 60 days of the hospital's notification of the Board's decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1875 and 405.1877.

16.    The Secretary has delegated his authority under the statute to review PRRB

decisions to the CMS Administrator.  A decision of the CMS Administrator to reverse, affirm, or

modify the Board's decision constitutes the final administrative decision of the Secretary.

17.    A hospital may obtain judicial review of a final administrative decision of the

PRRB, including a decision relating to its jurisdiction, by filing an action within 60 days of its

receipt of the decision in the United States District Court for the judicial district in which the

hospital is located or in the United States District Court for the District of Columbia.  42 U.S.C.

§ 1395oo(f).

**V.    Medicare's Policies Regarding Payment for the Disproportionate Share Hospital
Adjustment**

18.    Under PPS, Medicare's payments to hospitals for inpatient operating costs are

based on predetermined, nationally applicable rates, subject to certain payment adjustments.  42

U.S.C. § 1395ww(d); 42 C.F.R. Part 412.  One of these adjustments, known as the

disproportionate share hospital ("DSH") adjustment provides for additional payments to PPS

hospitals that serve a disproportionate share of low-income patients.  *See* 42 U.S.C. §

1395ww(d)(5)(F).

19.    Under 42 U.S.C. § 1395ww(d)(5)(F)(vi), the Secretary is required to make an

add-on payment to the standardized case payments for PPS hospitals serving a "significantly

disproportionate number of low-income patients."  Whether a hospital serves a significantly

disproportionate number of low income patients depends on its disproportionate patient

percentage, which is computed for a given cost-reporting period based on the sum of two

fractions defined in the statute, the hospital's "SSI percentage" and the hospital's "Medicaid

percentage."

20.    The SSI percentage is to be determined using the following formula prescribed by Congress.

> The fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) *were entitled to benefits under part A* of this title and were entitled to supplemental security income benefits (excluding any State supplementation) under title XVI of this Act, and the denominator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) *were entitled to benefits under part A* of this title.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) (emphasis added).

21.    The Medicaid percentage is to be calculated using the following formula prescribed by Congress.

> The fraction (expressed as a percentage), the numerator of which is the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under title XIX, but who *were not entitled to benefits under part A* of this title, and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added).  In general, the more Medicaid eligible days included in the hospital's Medicaid percentage, the larger its Medicare DSH adjustment will be.

22.    Thus, under the statute, the SSI percentage *includes* patients "entitled to benefits under Part A," while the Medicaid percentage *excludes* days for patients "entitled to benefits under part A" from Medicaid eligible days.

23.    During plaintiffs' fiscal years at issue, in determining DSH payments, CMS and its intermediaries interpreted and applied  "entitled to benefits under part A" differently for the SSI and Medicaid percentages.

24.    In determining the SSI percentage, CMS policy was to include only Medicare covered days as days for "patients entitled to benefits under Part A."  Noncovered days

attributable to Medicare beneficiaries were deemed to be days for which the patients were not "entitled to benefits under Part A," and thus these days were excluded from the SSI percentage.

25.     In determining the Medicaid percentage, however, the policy and practice of CMS and its intermediaries were to deem all days attributable to Medicare beneficiaries as days for which the patients were "entitled to benefits under Part A," and thus these days were *also* excluded from the Medicaid percentage.

26.     Because of CMS' inconsistent interpretations of this statutory language, certain days for patients eligible for Medicaid and Medicare Part A were excluded from both the SSI and Medicaid percentages, and therefore excluded from the calculation of plaintiffs' DSH adjustments.

## VI.    Facts Applicable to Plaintiffs

27.     Each of plaintiff hospitals received a revised NPR for the fiscal years identified in the following subparagraphs.  In each revised NPR, the intermediary reopened and revised its original determination of the hospital's DSH adjustment.  Plaintiff hospitals appealed each of the revised NPRs to the PRRB as indicated below.

(a)     Alamance received a revised NPR dated March 23, 2005, for its Fiscal Year ending December 31, 1998.  The revised NPR was appealed on September 14, 2005.

(b)     Albany received a revised NPR dated June 17, 2005 for its Fiscal Year ending December 31, 1995.  The revised NPR was appealed on October 24, 2005.

(c)     Albemarle received a revised NPR dated January 18, 2005, for its Fiscal Year ending September 30, 1998.  The revised NPR was appealed on July 13, 2005.

(d)    Clifton Springs received a revised NPR dated April 25, 2006, for its Fiscal Year

ending December 31, 1998. The revised NPR was appealed on October 13, 2006.

(e)    Duke received a revised NPR dated January 12, 2006 for its Fiscal Year ending

June 30, 1997. The revised NPR was appealed on July 10, 2006.

(f)    Lakeland received a revised NPR dated October 29, 2004 for its Fiscal Year

ending September 30, 1997. The revised NPR was appealed on April 20, 2005.

(g)    Mercy received a revised NPR for its Fiscal Year ending December 31, 1997 and

timely appealed the revised NPR.

(h)    New Hanover received a revised NPR dated September 20, 2004 for its Fiscal

Year ending September 30, 1997. The revised NPR was appealed on March 11,

2005.

(i)    Our Lady received a revised NPR dated March 19, 2004 for its Fiscal Year ending

December 31, 1997. The revised NPR was appealed on September 13, 2004.

(j)    Park Ridge received a revised NPR dated October 29, 2003 for its Fiscal Year

ending December 31, 1997. The revised NPR was appealed on April 24, 2004.

(k)    Rome received a revised NPR dated July 23, 2001 for its Fiscal Year ending

December 31, 1995. The revised NPR was appealed on July 30, 2001.

(l)    Rome received a revised NPR dated November 3, 2003 for its Fiscal Year ending

December 31, 1996. The revised NPR was appealed on May 14, 2004.

(m)    Saratoga received a revised NPR dated March 19, 2004 for its Fiscal Year ending

June 30, 1996. The revised NPR was appealed on September 14, 2004.

(n)    St. John received a revised NPR dated May 14, 2004 for its Fiscal Year ending

June 30, 1996. The revised NPR was appealed on September 14, 2004.

(o)    St. Mary's received a revised NPR dated April 15, 2004 for its Fiscal Year ending December 31, 1996. The revised NPR was appealed on October 7, 2004.

(p)    St. Clare received a revised NPR dated March 19, 2004 for its Fiscal Year ending December 31, 1997. The revised NPR was appealed on September 10, 2004.

(q)    Sisters received a revised NPR dated October 5, 2004 for its Fiscal Year ending December 31, 1997. The revised NPR was appealed on March 2, 2005.

(r)    Saratoga Community received a revised NPR dated October 7, 2004 for its Fiscal Year ending June 30, 1997. The revised NPR was appealed on March 23, 2005.

(s)    Saratoga Community received a revised NPR dated September 16, 2004 for its Fiscal Year ending June 30, 1998. The revised NPR was appealed on March 14, 2005.

(t)    St. John Northeast received a revised NPR for its Fiscal Year ending June 30, 1998. The revised NPR was appealed on September 24, 2004.

(u)    New Hanover received a revised NPR for its Fiscal Year ending September 30, 1998. The revised NPR was appealed on November 24, 2004.

(v)    Sisters received a revised NPR dated February 1, 2005, for its Fiscal Year ending December 31, 1998. The revised NPR was appealed on May 5, 2005.

(w)    Strong received a revised NPR dated March 19, 2003 for its Fiscal Year ending December 31, 1995. The revised NPR was appealed on September 11, 2003.

(x)    Detroit Riverview received a revised NPR dated December 22, 2006 for its Fiscal Year ending June 30, 1997. The revised NPR was appealed on June 8, 2007.

28.    In each revised NPR identified in paragraph 27, the intermediary reviewed and revised its determination regarding the number of Medicaid eligible days to be included in the

hospital's Medicaid percentage.  As part of the review and revision, the intermediary excluded

any Medicaid-eligible days attributable to dual eligible patients from the number of Medicaid

eligible days included in the hospital's Medicaid percentage.

       29.     Plaintiffs' appeals of the revised NPRs identified in paragraph 27, subparagraphs

(a) through (w), were organized under the following group appeals before the PRRB:

      (a)     PRRB Group Appeal No. 05-0538G, which included:

           (i)     Albany's revised NPR for its Fiscal Year ending December 31, 1995,

           (ii)     Strong's revised NPR for its Fiscal Year ending December 31, 1995,

           (iii)     Rome's a revised NPR for its Fiscal Year ending December 31, 1995.

      (b)     PRRB Group Appeal No. 05-0539G, which included:

           (i)     Rome's revised NPR for its Fiscal Year ending December 31, 1996,

           (ii)     Saratoga NY's revised NPR for its Fiscal Year ending June 30, 1996,

           (iii)     St. John's revised NPR for its Fiscal Year ending June 30, 1996,

           (iv)     St. Mary's revised NPR for its Fiscal Year ending December 31, 1996.

      (c)     PRRB Group Appeal No. 04-0622G, which included:

           (i)     St. Clare's revised NPR for its Fiscal Year ending December 31, 1997,

           (ii)     Mercy's revised NPR for its Fiscal Year ending December 31, 1997,

           (iii)     Park Ridge's revised NPR for its Fiscal Year ending December 31, 1997.

      (d)     PRRB Group Appeal No.05-1476G, which included:

           (i)     Duke's revised NPR for its Fiscal Year ending June 30, 1997,

           (ii)     Sisters' revised NPR for its Fiscal Year ending December 31, 1997,

           (iii)     Our Lady's revised NPR for its Fiscal Year ending December 31, 1997,

     (iv)    New Hanover's revised NPR for its Fiscal Year ending September 30, 1997,

     (v)    Lakeland's revised NPR for its Fiscal Year ending September 30, 1997,

     (vi)    Saratoga Community's revised NPR for its Fiscal Year ending June 30, 1997.

(e)    PRRB Group Appeal No. 04-0621G, which included:

     (i)    Saratoga Community's revised NPR for its Fiscal Year ending June 30, 1998,

     (ii)    St. John Northeast's revised NPR for its Fiscal Year ending June 30, 1998,

     (iii)    New Hanover's revised NPR for its Fiscal Year ending September 30, 1998.

(f)    PRRB Group Appeal No. 05-2116G, which included:

     (i)    Alamance's revised NPR for its Fiscal Year ending December 31, 1998,

     (ii)    Albemarle's revised NPR for its Fiscal Year ending September 30, 1998,

     (iii)    Sisters' revised NPR for its Fiscal Year ending December 31, 1998,

     (iv)    Clifton Springs' revised NPR for its Fiscal Year ending December 31, 1998.

30.    In each of the group appeals identified in paragraph 29, the PRRB held a hearing on March 27, 2008 concerning the substantive issue regarding the exclusion of Medicaid eligible days attributable to dual eligible patients from the Medicaid percentage.

31.    Subsequent to the hearing on the substantive issue on March 27, 2008, the PRRB issued jurisdictional decisions in each of the group appeals dated May 28, 2008, holding that it lacked jurisdiction over plaintiffs' fiscal years identified in paragraph 29. The jurisdictional

decisions dismissed these fiscal years from the pending group appeals. Plaintiffs received the PRRB's jurisdictional decisions on or after June 2, 2008.

32.    For fiscal years remaining in the pending group appeals, the PRRB has not yet issued a decision on the substantive issue regarding the exclusion of Medicaid eligible days attributable to dual eligible patients from the Medicaid percentage.

33.    Detroit Riverview's appeal of the revised NPR for its Fiscal Year ending June 30, 1997 was originally assigned PRRB Case No 07-2191 by the PRRB. In a letter dated July 23, 2007, Detroit Riverview transferred the issue regarding the exclusion of Medicaid eligible days attributable to dual eligible patients from the Medicaid percentage to PRRB Group Appeal No. 06-2038G.

34.    The PRRB subsequently issued a jurisdictional decision dated July 2, 2008, in PRRB Case No. 07-2191, holding that it lacked jurisdiction over the issue regarding the exclusion of Medicaid eligible days attributable to dual eligible patients from the Medicaid percentage for Detroit Riverview's Fiscal Year ending June 30, 1997. The PRRB decision denied transfer of this issue to PRRB Group Appeal No. 06-2038G and dismissed PRRB Case No. 07-2191.

35.    Plaintiffs' PRRB appeals concerned an issue that was addressed in their revised NPRs. Under the statute and regulations, the PRRB had jurisdiction to hear plaintiffs' appeals. 42 C.F.R. §§ 405.1835, 405.1841(a)(1), and 405.1889.

36.    The PRRB's decisions that it lacked jurisdiction over plaintiffs' appeals contesting the total number of Medicaid eligible days to be used in the DSH adjustment are contrary to law, arbitrary and capricious, and lacking in substantial evidence. The decisions are

defective for many reasons, including that they do not follow the Secretary's duly promulgated regulations.

37.     Plaintiffs are entitled to judgment that the PRRB has jurisdiction over their claims because Plaintiff hospitals' revised NPRs addressed their Medicaid percentages and the total number of Medicaid eligible days in those percentage and because the intermediaries' review and determination of the Providers' Medicaid eligible days involved review and adjustment for Medicaid eligible days for dual eligible patients.

## VII.    **Requested Relief**

WHEREFORE, plaintiffs request:

1.     a declaration that the PRRB's decisions are contrary to law, arbitrary and capricious, and lacking in substantial evidence;

2.     an order requiring that the Secretary order the PRRB to take jurisdiction over plaintiffs' appeals for the fiscal years identified herein and review and render a decision on the merits of plaintiffs' reimbursement claims in those appeals.

3.     legal fees and costs of suit incurred by plaintiffs; and

4.     such other relief as this Court may consider appropriate.

Respectfully submitted,

Dated:  September 2, 2008

Christopher L. Crosswhite
D.C. Bar No. 450927
DUANE MORRIS LLP
505 9th Street, NW, Suite 1000
Washington, D.C.  20004
Tel. (202) 776-7846
Fax (202) 776-7801

16

Joanne B. Erde, P.A.
DUANE MORRIS LLP
201 S. Biscayne Blvd., Suite 300
Miami, FL 33131
Tel. (305) 373-9476


Attorneys for Plaintiff Hospitals

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint has

been served on Defendant on this the 2nd of September 2008, as follows:


Civil Process Clerk ( By hand delivery)
U.S. Attorney for the District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

Michael O. Leavitt, Secretary (By certified U.S. Mail)
United States Department of Health and Human Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

U.S. Attorney General (By certified U.S. Mail)
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Christopher V. Crosswhite
D.C. Bar No. 450927
DUANE MORRIS LLP
505 9th Street, NW, Suite 1000
Washington, D.C.  20004
Tel. (202) 776-7846
Fax (202) 776-7801


DM2\1553628.1

18